UNITED STATES DISTRICT COURT
OF CONNECTICUT

-------------------------------------------------------------------x
SCOTT HERLIHY,                           )
                                         )
                 Plaintiff,   )   Civil Action No.:
                                         )
    - against -                           )   **COMPLAINT**
                                         )
                                         )   PLAINTIFF DEMANDS
SANDALS RESORTS INTERNATIONAL, LTD.,     )   A JURY TRIAL
SANDALS RESORTS INTERNATIONAL, LTD., IBC.,)
and LA TOC HOLDINGS LIMITED.,            )
                                         )
                 Defendants.  )
-------------------------------------------------------------------x )

       Plaintiff, SCOTT HERLIHY, by his attorneys, CARMODY TORRANCE SANDAK & HENNESSEY, LLP, as local counsel, complaining of the Defendants, respectfully alleges as follows:

## THE PARTIES

1. At all times relevant herein, Plaintiff, SCOTT HERLIHY, is a citizen of Fairfield, Connecticut.

2. Defendant SANDALS RESORTS INTERNATIONAL, LTD., is a foreign corporation organized and existing in Jamaica with its principle place of business in Jamaica.

3. Thus, Defendant SANDALS RESORTS INTERNATIONAL, LTD., is a citizen of the Country of Jamaica for diversity purposes.

4. The Sandals Regency La Toc Golf Resort & Spa in St. Lucia is a business registered with the Registry of Companies and Intellectual Property of St. Lucia.

5. Defendant SANDALS RESORTS INTERNATIONAL, LTD., operates the Sandals Regency La Toc Golf Resort & Spa in St. Lucia.

6. The Sandals Regency La Toc Golf Resort & Spa in St. Lucia is one of the trade names under which Defendant SANDALS RESORTS INTERNATIONAL, LTD., operates in St. Lucia.

{S7130301}

7. Defendant SANDALS RESORTS INTERNATIONAL, LTD., IBC is a foreign corporation organized and existing in St. Lucia with its principle place of business in Jamaica.

8. Thus, Defendant SANDALS RESORTS INTERNATIONAL, LTD., IBC., is a citizen of the Country of St. Lucia for diversity purposes.

9. Defendant SANDALS RESORTS INTERNATIONAL, LTD., IBC., operates the Sandals Regency La Toc Golf Resort & Spa in St. Lucia.

10. Defendant LA TOC HOLDINGS LIMITED is a foreign corporation organized and existing in St. Lucia with its principle place of business in St. Lucia.

11. Thus, Defendant LA TOC HOLDINGS LIMITED is a citizen of the Country of St. Lucia for diversity purposes.

12. Defendant LA TOC HOLDINGS LIMITED owns the property upon which the Sandals Regency La Toc Golf Resort & Spa is located.

13. Defendant LA TOC HOLDINGS LIMITED is a property holding entity for defendant SANDALS RESORTS INTERNATIONAL, LTD.

## JURISDICTON AND VENUE

14. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.   Complete diversity exists between Plaintiff on the one hand, who is a citizen of and domiciled in Connecticut, and Defendants on the other hand, who are foreign corporations organized, existing, and with principle places of business in Jamaica or St. Lucia, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

15. Defendants herein, either personally or through their agents, operates, conducts, engages in and/or carries on a business for profit in Connecticut through, including, but not limited to: (1) marketing their resorts and vacation packages to Connecticut residents; (2) marketing their resorts and vacation packages to Connecticut travel agents; (3) marketing their resorts and vacation

{S7130301}

packages in local Connecticut media publications, including through television, print, and electronic mediums; and (4) their international, interactive booking website, www.sandals.com, which is accessible to Connecticut residents to book resorts that are owned, operated, managed, maintained and controlled by the defendants.

16. At all times herein mentioned, defendants conducted continuous and substantial business or business activities directly or indirectly within the District of Connecticut.

17. At all times herein mentioned, defendants derived substantial revenue from goods or services sold, providing or originating within the District of Connecticut.

18. At all times herein mentioned, defendants are responsible for the hiring, training, and supervision of employees, agents and/or contractors working at the Sandals Regency La Toc Golf Resort & Spa, including but not limited to the employee(s) who caused the subject incident and plaintiff's injuries and damages.

19. Accordingly, personal jurisdiction over all Defendants is properly excised pursuant to Conn. Gen. Stat. § 52-59b.

20. Venue in this district is proper pursuant to 28 U.S.C. § 1391, because the Defendants are subject to the Court's personal jurisdiction with respect to this civil action.

## **FACTS**

21. That on June 9, 2016 (*hereinafter, "the date of the incident,"*) the Plaintiff, SCOTT HERLIHY, was lawfully present at a hotel and resort property known as Sandals Regency La Toc Golf Resort & Spa. (*hereinafter, "the resort,"*) in St. Lucia.

22. Upon information and belief, that on or about the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS INTERNATIONAL, LTD. (*hereinafter, "SANDALS RESORTS,"*) owned the resort.

23. Upon information and belief, that on or about the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS INTERNATIONAL, LTD., IBC. (*hereinafter, "SANDALS RESORTS, IBC."*) owned the resort.

24. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant LA TOC HOLDING LIMITED (*hereinafter, "LA TOC,"*) owned the property upon which the resort was located.

25. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS operated the resort.

26. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS, IBC. operated the resort.

27. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant LA TOC operated the resort.

28. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS managed the resort.

29. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS, IBC. managed the resort.

30. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant LA TOC managed the resort.

31. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS maintained the resort.

32. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS, IBC. maintained the resort.

33. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant LA TOC maintained the resort.

{S7130301}

34. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS controlled the resort.

35. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant SANDALS RESORTS, IBC. controlled the resort.

36. Upon information and belief, that on the date of the incident and for some time prior thereto, the Defendant LA TOC controlled the resort.

37. Upon information and belief, that on the date of the incident and for some time prior thereto, it was the duty of the Defendant, SANDALS RESORTS, its agents, servants, licensees and/or employees to keep and maintain the resort, including but not limited to, the location of the incident, in a reasonably safe condition for persons lawfully thereat.

38. Upon information and belief, that on the date of the incident and for some time prior thereto, it was the duty of the Defendant, SANDALS RESORTS, IBC., its agents, servants, licensees and/or employees to keep and maintain the resort, including but not limited to, the location of the incident, in a reasonably safe condition for persons lawfully thereat.

39. Upon information and belief, that on the date of the incident and for some time prior thereto, it was the duty of the Defendant, LA TOC, its agents, servants, licensees and/or employees to keep and maintain the resort, including but not limited to, the location of the incident, in a reasonably safe condition for persons lawfully thereat.

40. That on the date of the incident the Plaintiff, SCOTT HERLIHY, was lawfully within the resort as a member of the public in advance his daughter's wedding.

41. That on the date of the incident, at approximately 4:00 P.M., the Plaintiff, SCOTT HERLIHY, was suddenly, and without warning, struck by a tree, branch, and/or tree limb(s) that fell from one of the trees *(hereinafter, "the tree")*, located on the resort property *(hereinafter, "location of the incident")*.

{S7130301}

42. That as a result of the aforementioned contact the Plaintiff, SCOTT HERLIHY, sustained severe permanent personal injuries and damages as hereinafter mentioned after being struck by great force by the falling heavy tree, branch and/or tree limb, including but not limited to his head, neck, back, shoulders and legs, including a left talus and ankle fracture requiring multiple surgeries and resulting accompanying nerve damage, psychological trauma, continuing nightmares, emotional disturbances and distress, and all other related injuries.

43. As a further result of the foregoing incident, the Plaintiff has suffered a fear of future disability to his head, shoulders, spine, and legs, including fear of amputation.

44. As a further result of the foregoing incident, the Plaintiff has and will continue to suffer from a loss of earnings and a loss of earning capacity.

45. As a further result of the foregoing incident, the Plaintiff has incurred and will in the future incur significant expenses for the doctors, hospitals, and other medical care, all to his financial loss.

46. As a result of the foregoing incident, the Plaintiff has and will be forced to suffer a loss of enjoyment of life's leisure activities.

47. That on the date of the incident, and for some time prior thereto, there continuously existed a dangerous, defective and hazardous condition, posed by the rotten and deteriorated condition of the tree located on the resort ground, at the location of the incident.

48. The danger created by the tree's hazardous condition was both noticeable and continuous.

49. At all times relevant herein, the Defendants, their agents, servants, licensees and/or employees failed to inform the Plaintiff, and other members of the public, about the hazardous and dangerous condition of the rotten tree and tree branch.

50. That the aforementioned dangerous, defective and hazardous condition of the tree existed for a sufficiently long period of time prior to the date of the incident so that the Defendants, their

{S7130301}

agents, servants, licensees and/or employees knew, or should have known, that it was a dangerous, defective and hazardous condition to members of the public lawfully threat.

51. That on the date of the incident, and for some time prior to the incident, the Defendants, their agents, servants, licensees and/or employees, regularly inspected, worked on, and checked the tree and branches in question, yet they failed to remediate the tree's dangerous, defective and hazardous condition, or otherwise permitted it to exist in that condition.

52. That on the date of the incident, and for some time prior to the incident, the Defendants, their agents, servants, licensees and/or employees, caused, created, permitted, and/or allowed the tree and tree branch in question to be and remain in a dangerous, defective and hazardous condition posing a risk of harm and injury to members of the public.

**COUNT ONE (Negligence)**:

53. That the defendants had the duty to warn the Plaintiff of the dangerous, defective and hazardous condition.

54. That the defendant had a duty to prune, cut, and remediate the dangerous, defective, and hazardous conditions created by the vegetation and landscaping within its property.

55. That the defendants negligently failed to warn the Plaintiff of the dangerous, defective and hazardous condition.

56. That the defendants failed to block or reroute members of the public, including pedestrian traffic, away from the dangerous tree and branch in question.

57. That the Plaintiff was injured on the date of the incident as a result of the negligence and careless of the Defendants, their agents, servants, licensees and/or employees, in the ownership, operation management, supervision, inspection, care, maintenance, possession, use and/or control of the location of the incident.

58. That the Plaintiff's aforementioned injuries and damages were caused by reason of the negligence and carelessness of the Defendants, their agents, servants, licensees and/or employees, in the ownership, operation, possession, management, maintenance, use, and control of the location of the incident, including but not limited to, the Defendants' grounds, property, and the tree within; in failing to properly maintain, prune, trim, inspect and/or otherwise care for the tree located at the location of the incident; in failing to safeguard the location of the incident from the dangers and hazards posed by the condition of the tree located at the location of the incident, despite the fact that the Defendants, their agents, servants, licensees and/or employees knew, or should have known, with the exercise of reasonable care, of the dangerous, defective and hazardous condition of the tree located thereat; in failing to properly, correctly, and/or reasonably inspect the tree located at the location of the incident in a manner or method that could have revealed the dangerous, defective and hazardous condition of the tree located at the location of the incident; in failing to adequately and properly supervise the employees and/or personnel responsible for maintenance, grounds keeping and/or tree care at the location of the incident; in failing to properly and adequately instruct and/or train the employees and/or personnel responsible for the maintenance, grounds keeping and/or tree care at the location of the incident; in failing to warn the Plaintiff of the dangerous, defective and hazardous condition; for creating and maintaining an attractive nuisance; by omitting and/or failing to remove the aforesaid branch / tree under the circumstances; any or all of which were the direct and proximate cause of the injuries sustained by the Plaintiff, SCOTT HERLIHY.

59. That the Defendants, their agents, servants, licensees and/or employees, had notice of the aforementioned conditions and by reasonable care and inspection should have and/or could have corrected the condition(s) and/or prevented the occurrence and injuries sustained by the Plaintiff, SCOTT HERLIHY.

{S7130301}

60. That by reason of the aforementioned negligence of the Defendants, the Plaintiff, SCOTT HERLIHY, sustained great bodily injuries with accompanying pain; he became and continues to be sick, sore, lame and disabled; some of his injuries will be permanent; he was and will be compelled to seek medical attention for these injuries; and has been and will be unable to attend to his usual business, social, educational and vocational duties.

**COUNT TWO (Recklessness)**:

61. The Plaintiff hereby incorporates paragraphs 1 – 55, *supra*, as if fully set forth herein.

62. The Plaintiff's injuries, damages, and losses were caused by the Defendant's reckless disregard for the safety and wellbeing of others in one or more of the following respects: The Defendant recklessly failed to properly train its employees on how to inspect, maintain and remediate the tree and tree branch in question; the Defendant knew that the tree and branch in question was rotten and/ or deteriorating and the Defendant recklessly chose to not take proper remedial and maintenance actions to minimize or remove the hazard; the Defendant knew that the tree and branch in question was rotten and / or deteriorating and the recklessly Defendant encouraged pedestrians to stand beneath and/or around the subject tree; and the Defendant knew that the tree and branch in question was rotten and / or deteriorating and, yet, the Defendant recklessly marketed and advertised the subject tree in such a way as to encourage and invite pedestrians to stand beneath and/or around the subject tree.

63. That by reason of the aforementioned recklessness of the Defendants, the Plaintiff, SCOTT HERLIHY, sustained great bodily injuries with accompanying pain; he became and continues to be sick, sore, lame and disabled; some of his injuries will be permanent; he was and will be compelled to seek medical attention for these injuries; and has been and will be unable to attend to his usual business, social, educational and vocational duties.

**COUNT THREE (Public Nuisance)**:

64. The Plaintiff hereby incorporates paragraphs 1 – 55, *supra*, as if fully set forth herein.

65. At all times, the Plaintiff, was a member of the public who was lawfully within the resort, exercising a right to enjoy the common and public areas at the resort.

66. The Defendants employees engaged in intentional and unreasonable actions when, in maintaining the tree in question, the Defendant never remediated the danger created by rotten tree and tree branch, which had a tendency to create danger and inflict injury upon person or property.

67. The rotten, weakened, and improperly maintained and/or otherwise poor condition(s) of the tree and tree branch was a continuing condition that had a natural tendency to create danger, and the condition(s) were allowed to exist in an area that the Plaintiff had a right to be in.

68. As a consequence of the above and the Defendants' above mentioned intentional conduct, omissions, and failures, the Defendants caused the Plaintiff to be severely injured by a falling tree branch, and in so doing, their use of the land was unreasonable.

## CONCLUSION:

69. As a consequence of the Defendants' careless, negligence, reckless conduct, and creation of a nuisance, the Plaintiff, SCOTT HERLIHY has been damaged in a sum exceeding the statutory minimum of $75,000.00 in compensatory damages, with a total sum to be determined later.

**WHEREFORE,** the Plaintiff claims the following relief:

    (a) Compensatory Damages for the First and Third Counts against the Defendants, in a sum exceeding the statutory minimum of $75,000.00, with a total sum to be determined later;

    (b) Exemplary and Punitive Damages for the Second Count;

    (c) Interest and costs; and

    (d) Such other and further relief as this Court may deem appropriate.

{S7130301}

        THE PLAINTIFF,
        SCOTT HERLIHY

By: _____/s/Benjamin H. Pomerantz_____
    Kevin M. Greco (ct13195)
    Benjamin H. Pomerantz (ct28421)
    Carmody Torrance Sandak & Hennessey LLP
    707 Summer Street, 3rd Floor
    Stamford, CT 06901-1026
    T: (203) 252-2666
    F: (203) 325-8608
    E-mail:   KGreco@carmodylaw.com
    E-mail:   BPomerantz@carmodylaw.com
    Its Attorneys

{S7130301}