# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SCOTT HERLIHY,
    *Plaintiff*,

v.

SANDALS RESORTS INTERNATIONAL, LTD. *et al.*,
    *Defendants*.

No. 3:18-cv-00822 (JAM)

## ORDER GRANTING MOTION TO DISMISS COMPLAINT

A tree branch fell on plaintiff Scott Herlihy while he was at his daughter's wedding on the Caribbean island nation of Saint Lucia. Unfortunately, Herlihy suffered severe and disabling injuries. After returning home to Connecticut, he filed this federal diversity lawsuit alleging claims for negligence, recklessness, and public nuisance against two foreign companies that he believes owned or operated the resort property in Saint Lucia where he was injured. The defendants have now moved to dismiss for multiple reasons including lack of personal jurisdiction over them in the District of Connecticut. I will grant their motion to dismiss.

### BACKGROUND

The following facts are relevant to the defendants' motion to dismiss. Herlihy lived in Connecticut at the time of the accident in June 2016 and the later filing of this lawsuit in May 2018. He was injured by the fall of a tree branch while at the Sandals Regency La Toc Golf Resort and Spa in Saint Lucia. Defendant Sandals Resorts International, Ltd., is incorporated in and has its principal place of business in Jamaica. Defendant La Toc Holding Limited is incorporated in and has its principal place of business in Saint Lucia.[1]

---

[1] At oral argument, Herlihy abandoned his claims against the third named defendant, Sandals Resorts International Ltd., IBC.

Herlihy alleges the following additional facts to support his claim of personal jurisdiction in the District of Connecticut over Sandals and La Toc. Doc. #23-2. When his daughter told him she was planning a wedding at a Sandals resort in Saint Lucia, he supported her decision because of his prior knowledge about Sandals. *Id.* at 1. He was familiar with Sandals from television advertisements that aired in Connecticut, as well as from advertisements he saw in local newspapers and in two fishing/boating magazines that were delivered to his Connecticut home. *Id.* at 2.

Herlihy contacted JetBlue airlines to book his flights, and a JetBlue representative offered him the option of booking a stay through JetBlue at one of three Sandals resorts on Saint Lucia. *Id.* at 1. Herlihy decided to book his stay at one of the Sandals resorts through JetBlue. *Id.* at 2.

The papers filed by Herlihy do not state whether he was in Connecticut at the time that he booked his travel to Saint Lucia. As noted at oral argument, the Sandals resort where Herlihy stayed in Saint Lucia was a different one from the Sandals resort that hosted his daughter's wedding and where the tree branch fell on him.

According to materials submitted by the defendants and not disputed by Herlihy, Sandals Resorts International, Ltd. provides professional and management services to the particular resort where Herlihy was injured. Neither Sandals nor La Toc are or were incorporated in Connecticut or had any offices, property, employees, agents, or other physical presence in Connecticut. Doc. #14-2 at 2–5. Sandals and La Toc were not registered to do business in Connecticut and have not paid any taxes in Connecticut. *Id.* at 4–5.

Sandals contracted with a Panamanian company known as Unique Travel Corp. to conduct all of its worldwide marketing and reservations. *Id.* at 6. Unique Travel Corp. in turn

subcontracted its marketing and promotion services to a Delaware company named Unique Vacations, Inc., which operates the Sandals worldwide website. *Id.* at 5–6.

Herlihy has queried the Sandals' website to learn that Sandals has relationships with two travel agents who are in Stamford and Greenwich, Connecticut, as well as with a local business development manager who serves the areas of Connecticut and Rhode Island. Doc. #23 at 15. Herlihy does not allege that he dealt with any any of these Connecticut-related agents or that there is any connection between these agents and his lawsuit.

## DISCUSSION

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows for a civil defendant to move to dismiss a complaint on the ground of lack of personal jurisdiction. When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a *prima facie* showing that jurisdiction exists, including averments of facts that—if credited—would suffice to establish jurisdiction over the defendant. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018); *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018).

A court may not exercise jurisdiction over a defendant if to do so would violate the defendant's right to constitutional due process. This protection has been defined in territorial terms: a defendant is not subject to a lawsuit unless the defendant has some connection—that is, "minimum contacts"—to the territory that delimits the court's jurisdiction. Thus, "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up).

In more recent years, the Supreme Court has refined the "minimum contacts" inquiry in relevant part to require that there either be a basis for *general* jurisdiction or *specific* jurisdiction over a defendant. What distinguishes these two concepts from one another is the nature and degree of a defendant's contacts to the territorial forum. On the one hand, for there to be general jurisdiction, a defendant must be domiciled or essentially at home within the court's territorial district. On the other hand, for there to be specific jurisdiction, the lawsuit must arise from or be related to the defendant's contacts with the court's territorial district. Either general jurisdiction or specific jurisdiction must exist for a court to exercise personal jurisdiction over a defendant consistent with constitutional due process. *See generally Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017).

Herlihy does not suggest that either Sandals or La Toc are domiciled in or otherwise "at home" in the District of Connecticut. These two companies are based in Jamaica and Saint Lucia, not in Connecticut. Accordingly, there is no general jurisdiction.

That leaves only the question of specific jurisdiction. As noted above, specific jurisdiction requires a connection between the lawsuit and a defendant's contacts with the territorial forum. "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State," and "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 (cleaned up).

Put differently, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).[2] And so the Second Circuit

---

[2] Notwithstanding references to limitations imposed by the Due Process Clause on the power of state courts, the Supreme Court has made clear that the same limits apply as well to federal courts. *See Walden*, 571 U.S. at 283.

4

has observed that "[c]ourts typically require that the plaintiff show some sort of causal relationship between a defendant's U.S. contacts and the episode in suit, and [that] the plaintiff's claim [] in some way arise from the defendants' purposeful contacts with the forum." *Schwab*, 883 F.3d at 84 (cleaned up); *see also U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, -- F.3d. --, 2019 WL 637969, at *4-*5 (2d Cir. 2019) (same).

There is no such lawsuit-related connection to Connecticut here. Herlihy has not made a *prima facie* case of any connection between Connecticut and what he claims that Sandals and La Toc did wrong in Saint Lucia. He alleges causes of actions for negligence, for recklessness, and for public nuisance. All these claims relate solely to the lack of care and maintenance of a tree on a faraway island in the Caribbean. There is no basis for specific jurisdiction in the District of Connecticut in this case. *See DeLorenzo v. Viceroy Hotel Grp., LLC*, 2018 WL 6131489, at *3 (2d Cir. 2018) (federal court in New York did not have personal jurisdiction over foreign hotel company defendants arising from sexual assault of New York resident plaintiff at hotel on Caribbean island of Anguilla).

## CONCLUSION

The Court GRANTS defendants' motion to dismiss for lack of personal jurisdiction (Doc. #14). Because the Court concludes that there is no constitutionally proper basis for the exercise of personal jurisdiction over the defendants in this case in the District of Connecticut, the Court need not consider any of the other grounds raised by defendants for dismissal. Nor is there a proper *prima facie* basis for the Court to grant jurisdictional discovery. *See Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009).

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 19th day of February 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge